UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| **BELINDA LOPEZ** ) | |
| ) | |
| **PLAINTIFF** ) | |
| ) CIVIL ACTION NO. 3:20-cv-67-RGJ | |
| **v.** ) | |
| ) | |
| **WAL-MART ASSOCIATES, INC.** ) | |
| ) | |
| **DEFENDANT** ) | |

## COMPLAINT

### I. PARTIES

1. The Plaintiff, Belinda Lopez ("Lopez"), is a Lebanon, Marion County, Kentucky resident.

2. The Defendant, Wal-Mart Associates, Inc. ("Wal-Mart"), is a foreign corporation operating and conducting business in Lebanon, Marion County, Kentucky.

### II. JURISDICTION AND VENUE

3. This is an action for violations of the Americans with Disabilities Act ("ADA") pursuant to 42 USC §12101 et. seq., the Pregnancy Discrimination Act of 1978, which is an amendment to Title VII of the Civil Rights Act of 1964, the Family Medical Leave Act ("FMLA") pursuant to 29 USC §2601 et. seq, and Kentucky Revised Statutes ("KRS"), Chapter 337.

4. This Court has original jurisdiction pursuant to the provisions of 42 USC §12101 et. seq., Title VII, and 29 USC §2601 et. seq.

5. Venue is proper in this district because the actions giving rise to this Complaint occurred in this judicial district. Further, Defendant Wal-Mart operates and conducts business within this judicial district.

## III.  FACTUAL BACKGROUND

6. Lopez is a former employee of Wal-Mart.

7. Lopez was employed by Wal-Mart as a Fresh Cap One (1) Supervisor.

8. Lopez began her employment with Wal-Mart on approximately January 4, 2017 and was employed with Wal-Mart for almost three (3) years.  Although Lopez primarily worked out of Wal-Mart's Lebanon, Kentucky store, she also was assigned to work at Wal-Mart's Bardstown, Kentucky location and its Elizabethtown, Kentucky location.

9. Wal-Mart is an "employer" within the meaning of the ADA, Title VII, and FMLA, at all times relevant to this Complaint.

10. Lopez was an "eligible employee" within the meaning of the FMLA, at all times relevant to this Complaint.

11. During the course of Lopez's employment, Lopez received exceptional annual reviews, scoring the highest ratings possible.  Additionally, Lopez was not issued any performance, attendance, or disciplinary actions from Wal-Mart throughout her employment.

12. Due to the fact that Lopez was such a valuable employee, in early April 2019, Wal-Mart selected Lopez to supervise and run the Deli Department in Bardstown, Kentucky, after the store had been closed for a remodel.  Lopez successfully supervised the Deli Department after the remodel in Wal-Mart's Bardstown, Kentucky store for approximately three (3) months.

13. Due to Lopez's success in Bardstown, Kentucky following the remodel of that store, Wal-Mart selected Lopez to supervise and run the Deli Department in Elizabethtown, Kentucky, after that store had also been closed for a remodel.  Lopez successfully supervised the Deli Department after the remodel in Wal-Mart's Elizabethtown, Kentucky store for approximately three (3) months.

14.     On approximately June 1, 2019, Lopez became aware that she was pregnant.

15.     In September 2019, Lopez informed Wal-Mart, specifically Wal-Mart's Human Resources Manager of the Marion, Kentucky store, Suzanne Patrick (hereinafter "Patrick") that she was pregnant.

16.     In late September 2019, Lopez began feeling extremely weak and passed out on several occasions both while at work and at home.

17.     Concerned with her health, especially due to that fact that she was pregnant, Lopez sought medical treatment to get an explanation for her recent health issues and underwent medical testing on October 3, 2019.

18.     Following her appointment on October 3, 2019, Lopez was provided with a doctor's note that ordered her "on a leave from employment until she sees the Hematologist Specialist on October 8, 2019."

19.     Lopez immediately notified Wal-Mart of her doctor's ordered medical leave from October 3, 2019 until October 8, 2019. Lopez drove to Wal-Mart and provided a copy of the doctor's note to the Assistant Human Resources Manager, "Justin."

20.     On October 8, 2019, Lopez underwent further testing for her serious health conditions.

21.     Following her appointment on October 8, 2019, Lopez was provided with a doctor's note that ordered her to be "placed off work until her specialty appointment with Dr. Monte Martin on 10/17/19."

22.     Lopez immediately notified Wal-Mart of her doctor's ordered medical leave from October 8, 2019 until October 17, 2019. Lopez again drove to Wal-Mart and personally handed a copy of the doctor's note to Justin.

23. On approximately October 8, 2019, Lopez was diagnosed with cervical cancer, iron deficiency anemia, vitamin B-12 deficiency, intestinal malabsorption, other diseases of the blood and blood forming organs and certain disorders involving the immune mechanism complicating pregnancy.

24. Lopez notified Wal-Mart of her serious health conditions and requested medical leave under the FMLA.

25. On October 17, 2019, Lopez underwent her first blood infusion due to her diagnoses.

26. Following her appointment with her cancer doctor that day, Lopez was provided a doctor's note that ordered Lopez to remain off of work from October 18, 2019 through November 8, 2019.

27. Lopez immediately notified Wal-Mart of her doctor's ordered medical leave from October 18, 2019 until November 8, 2019. Lopez, once again, drove to Wal-Mart and personally handed a copy of the doctor's note to Justin.

28. On October 18, 2019, Lopez received paperwork from Wal-Mart regarding her FMLA leave, with a requested start day for leave of October 3, 2019. Additionally, Lopez was given until November 6, 2019 to have her physician submit the required FMLA paperwork to Wal-Mart.

29. On October 22, 2019, Lopez's physician submitted her FMLA paperwork due to her diagnoses and ongoing blood infusions, specifically ordering Lopez was to remain off work until November 8, 2019.

30. On approximately November 1, 2019, Lopez received a letter notifying her that her employment with Wal-Mart had been terminated, effective October 24, 2019, and that her leave of absence request was now closed.

31. Upon receipt of the notice of termination letter, Lopez called Patrick to get an explanation as to why she had been abruptly terminated while on legally protected medical leave.

32. During the phone call, Patrick informed her that Lopez was terminated for "three (3) no call, no shows," although Patrick and Wal-Mart were fully aware that Lopez had been taken off work by her physician in order to undergo blood infusions for her diagnoses and disabilities.

33. During the phone call, Patrick informed Lopez that her job position of Fresh Cap One (1) Supervisor had been given to Wes Barker (hereinafter "Barker").

34. Barker is a non-disabled and non-pregnant employee of Wal-Mart.

35. Also, during the phone call, Patrick said that she could try and find a new position for Lopez and that she would call Lopez back once she found a position available for her.

36. Patrick nor any other Wal-Mart Manager or Supervisor ever called Lopez to offer her a new position.

37. Upon Lopez's application for food stamps after being unlawfully terminated by Wal-Mart, Patrick, on behalf of Wal-Mart, submitted paperwork stating that Lopez's termination date was October 24, 2019 for "excessive absences."

38. The dates that Lopez was absent from work at Wal-Mart in October 2019 should have been excused absences due to the fact that Lopez had notified Wal-Mart of her pregnancy, diagnoses of multiple disabilities, requested medical leave under the FMLA, and provided Wal-Mart with doctor's notes that ordered Lopez off work from October 3, 2019 through November 8, 2019.

39. Wal-Mart terminated Lopez prior to the November 6, 2019 deadline for Lopez's physician to submit her FMLA paperwork to Wal-Mart.

40. At the time of Wal-Mart's decision to terminate Lopez, Lopez was five (5) months pregnant.

41. Wal-Mart terminated Lopez less than three (3) weeks after Lopez had been diagnosed with multiple, extremely serious disabilities, including, but not limited to cervical cancer and anemia.

42. Wal-Mart terminated Lopez less than two (2) weeks after Lopez had requested medical leave under the FMLA.

43. Following her wrongful termination from Wal-Mart, Lopez has not been paid for her earned, but unused paid time off and protected paid time off.

44. Lopez's diagnoses of cervical cancer, iron deficiency anemia, vitamin B-12 deficiency, intestinal malabsorption, other diseases of the blood and blood forming organs, certain disorders involving the immune mechanism complicating pregnancy, and high-risk pregnancy constitute a disability and/or disabilities under the American with Disabilities Act ("ADA") pursuant to 42 USC §12102 et. seq. and a "serious health condition" under the Family Medical Leave Act ("FMLA"), 29 United States Code § 2601 *et. seq.*

45. Wal-Mart failed to accommodate Lopez's disability and wrongfully discharged Lopez.

46. Wal-Mart was aware of Lopez's disability and/or disabilities prior to discharging her.

47. Wal-Mart perceived and regarded Lopez as having a disability and/or disabilities prior to discharging her.

48. Wal-Mart terminated Lopez due to her cancer diagnosis, iron deficiency anemia, pregnancy, and/or request for FMLA leave.

49. Wal-Mart replaced Lopez with a non-disabled and non-pregnant employee.

### IV.   CLAIMS AND CAUSES OF ACTION

#### A.   VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT/ DISCRIMINATION ON THE BASIS OF AN EMPLOYEE'S DISABILITY

50. Lopez re-alleges all allegations contained in paragraphs 1 through 49 above as if fully set forth herein.

51. Wal-Mart terminated Lopez's employment on the basis of a disability and/or a "perceived" disability and/or a "regarded as" disability in violation of 42 USC §12101 et. seq.

52. As a result of Wal-Mart's violations of the ADA, Lopez has been damaged in an amount in excess of the minimum jurisdictional limits of this court.

### B.   VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT/ EMPLOYER'S FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

53. Lopez re-alleges all allegations contained in paragraphs 1 through 52 above as if fully set forth herein.

54. Lopez was a qualified individual with a disability and/or disabilities under the ADA, 42 USC §12101 et. seq.

55. Wal-Mart failed to reasonably accommodate Lopez's disability and/or disabilities in violation of 42 USC §12101 et. seq.

56. As a result of Wal-Mart's violations of the ADA, Lopez has been damaged in an amount in excess of the minimum jurisdictional limits of this court.

### C.   VIOLATIONS OF TITLE VII & THE PREGANCY DISCRIMINATION ACT – SEX / PREGNANCY DISCRIMINATION

57. Lopez re-alleges all allegations contained in paragraphs 1 through 56 above as if fully set forth herein.

58. Wal-Mart terminated Lopez because of her pregnancy, in violation of Title VII as amended by the Pregnancy Discrimination Act of 1978.

59. As a result of Wal-Mart's violations of Title VII and the Pregnancy Discrimination Act, Lopez has been damaged in an amount in excess of the minimum jurisdictional limits of this court.

### D.   VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT (INTERFERENCE)

60. Lopez re-alleges all allegations contained in paragraphs 1 through 59 above as if fully set forth herein.

61. Lopez was an eligible employee under the FMLA and at the time of her leave request, Lopez had been employed by Wal-Mart for at least twelve (12) months.

62. Lopez requested leave for her own serious health condition(s).

63. Lopez was entitled to receive leave pursuant to the FMLA.

64. Wal-Mart's actions, as set forth above, constitute interference in violation of the FMLA.

65. As a result of Wal-Mart's violation of the FMLA, Lopez has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

### E.  VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT (RETALIATION)

66. Lopez re-alleges all allegations contained in paragraphs 1 through 65 above as if fully set forth herein.

67. Lopez was an eligible employee under the FMLA.

68. Wal-Mart retaliated against Lopez by terminating Lopez for requesting medical leave through the FMLA.

69. Wal-Mart's actions, as set forth above, constitute retaliation in violation of the FMLA.

70. As a result of Wal-Mart's violation of the FMLA, Lopez has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

### F.  KRS 337 WAGE AND HOUR VIOLATION

71. Lopez re-alleges all allegations contained in paragraphs 1 through 70 above as if fully set forth herein.

72. Wal-Mart has failed to timely and fully pay Lopez her earned, but unused paid time off and personal paid time off.

73. As a result of the foregoing, Lopez is entitled to monetary damages against Wal-Mart as set forth by KRS 337.385, including payment of the wages due to her, liquidated damages, attorney's fees and litigation expenses.

### G. MANDATORY RECOVERY OF ATTORNEY'S FEES AND COSTS

74. Lopez re-alleges all allegations contained in paragraphs 1 through 73 above as if fully set forth herein.

75. Lopez is mandatorily entitled to recover her attorney's fees and costs pursuant to the provisions of the ADA, Title VII / Pregnancy Discrimination Act, the FMLA, and KRS 337.

### V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Belinda Lopez, respectfully prays that she be awarded the following relief and all other relief to which he may be entitled against the Defendant, Wal-Mart Associates, Inc.:

A. Trial by jury;

B. Judgment against Defendant on all claims asserted herein;

C. Compensatory and actual damages including but not limited to past and future lost wages and past and future lost benefits;

D. Compensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment;

E. All statutory remedies provided by the ADA, Title VII, FMLA, and KRS 337;

F. Liquidated damages pursuant to the FMLA for Defendant's willful violations of the FMLA;

G. Equitable relief in the form of reinstatement, promotion and/or front pay;

H. Punitive damages to punish and deter similar future unlawful conduct;

I.       An award of statutory attorney fees, expert witness fees, costs and expenses;

J.       Statutory interest on all monetary damage awards, verdicts, or judgments; and

K.      All other and additional relief to which Lopez may be entitled.

Respectfully submitted,

THE ZOPPOTH LAW FIRM

/s/ Bradley S. Zoppoth
Bradley S. Zoppoth
601 W. Main Street, Suite 500
Louisville, KY  40202
(502) 568-8884
bsz@zoplaw.com
*Counsel for the Plaintiff, Belinda Lopez*